1841.

Davenport
v.
City Bank of
Buffalo.

---

## DAVENPORT & KINGMAN *vs.* THE CITY BANK OF BUF-<br>FALO & MARCY, receiver, &c.

Where the complainants loaned their note to the City Bank of Buffalo, to be
discounted in New-York for the benefit of the bank, and, to secure or in-
demnify the complainants, the cashier of the bank sealed up a package of
its bills and left them in its vault, endorsing thereon that the package was
intended as such security, but no entry of the transaction was made in the
books of the bank, nor were the bills contained in the package charged
as a part of the circulation of the institution ; *Held,* that the package con
tinued under the absolute control of the officers of the bank, and that the
complainants were not entitled to the bills, and had no lien thereon either
legal or equitable. *Held,* however, that the bank was primarily liable for
the payment of the note of the complainants, which had been discounted
for its benefit, and that if they should be compelled to pay the same, they
would have a valid claim against the funds of the bank, in the hands of
the receiver, as creditors of the institution.

Where the bills of a bank are legally pledged or hypothecated to secure a
debt or demand, so as to authorize the pledgee to use such bills for his
security or indemnity in case such debt or demand shall not be paid, such
bills constitute a part of the bills of the bank issued and in circulation,
within the intent and meaning of the statute limiting the amount of the
issues of banks subject to the provisions of the safety fund acts.

Where a receiver of a corporation has been appointed, under the provisions of
the revised statutes relative to proceedings against corporations in equity,
and its property and effects have thus become vested in him for the benefit
of the creditors and stockholders of the institution, the answer of the cor-
poration cannot affect the property in the hands of such receiver, nor have
any effect whatever in determining the right to the same.

March 2.

The bill in this cause was filed for the purpose of ob-
taining a decree, against the receiver of the City Bank of
Buffalo, to deliver to the complainants a package of $6000
of the bills of the bank, under the following circumstances.
In August, 1839, the cashier of the city bank applied to

Kingman, one of the complainants, who were doing busi-
ness under the name or firm of George Davenport & Co.,
and informed him that the bank had made an arrangement
with the Bank of the State of New-York for a loan, upon
the discount of business notes belonging to the City Bank
payble at New-York, and requested the loan of the note of
the complainants to the City Bank, to be discounted by the
Bank of the State of New-York under such an arrangement.
It was then agreed between Kingman and the cashier that
the former should make a note in the name of the firm of
the complainants, for the sum of $5,500, payable to the
order of Kingman, at the city of New-York, three months
after date ; which note should be endorsed by the payee
and loaned to the City Bank to be thus discounted for its
use. The note was made by the complainants, and endors-
ed by Kingman accordingly, and delivered to the cashier.
He thereupon sealed up the package of $6000 in the bills
of the City Bank, and left them in its vaults with the
other bills of the bank which were not issued and in circu-
lation ; and the teller endorsed upon the package a memo-
randum, to the effect, that such package was intended to
protect the complainants against any loss on their note of
$5,500. But no entry was made of the transaction in the
books of the bank ; nor were the $6000 enclosed in the
package entered on the books as a part of its bills which
were then issued or in circulation. The note of the com-
plainants was endorsed by the cashier and discounted by
the Bank of the State of New-York for the use of the City
Bank. When it became due it was duly protested for non
payment ; and it still remained unpaid in the Bank of the
State of New-York as a valid claim against the City Bank
as an endorser.

*E. Fitch Smith,* for the complainants.

*W. L. Marcy,* the receiver, in pro. per.

1841.

Davenport
v.
City Bank of
Buffalo.

THE CHANCELLOR. If the object of the parties to this transaction was to commit a fraud upon the Bank of the State of New-York, by imposing upon the officers of that institution as business paper, to be discounted under the previous agreement, the mere accommodation notes of other persons which had been made and loaned to the City Bank, to enable its managers to raise the wind and keep up a false credit in the community, the complainants have no right to ask the aid of this court to relieve them from the conse- quences of such an act. (*Bateman* v. *Ramsay, Sausse & Scully's Rep.* 459.) And the bill in this case distinctly states that Stringham the cashier, informed Kingman that the arrangement with the Bank of the State New-York was to discount business paper payable in the city of New-York, and that he wanted to borrow this accommodation note be- cause the City Bank had not such business paper as was required by the terms of that arrangement.

Again ; the arrangement of the cashier of the City Bank, by which the circulating notes of that institution were attempted to be hypothecated or pledged, for the secu- rity of the loan of this accommodation note, in such a man- ner that they should not appear upon the books of the bank, to be bills issued, or in circulation, was evidently made for the purpose of evading the statutory regula- tion limiting the amount of bills which the safety fund banks were authorized to issue and put in circulation. (*See Laws of* 1837, *p.* 515, § 3.) Where the bills of a bank are legally pledged, for the security of a debt or demand due to any other person or institution, so as to entitle the pledgee to hold and use such bills for his indemnity in case the debt is not paid, such bills must be considered as issued and in circulation within the true intent and meaning of the statute limiting such issues ; as such bills are no longer under the control of the bank. Here, however, there was merely an attempt to evade the law, by making a mere fictitious hypothecation of the bills of the bank contained in this package, while the same still remained under the absolute control of the institution, in its own vaults. And

the complainants by such nominal hypothecation obtained
neither a legal or equitable lien upon the bills contained in the package ; even if the arrangement under which they were thus sealed up was made with the sanction of the directors of the bank, which is not pretended in this case. The answer of the corporation, under its corporate seal, and after all its property and assets had been legally vested in the receiver, cannot effect the decision of the question in this case. This is a controversy between the complainants and the receiver alone ; the corporation being virtually dissolved by the appointment of such receiver, under the statute which substitutes him in the place of the corporation as to all the corporate property and effects.

It appears, however, in this case, that the City Bank has actually received the proceeds of the note of the complainants, which was discounted by and is now held by the Bank of the State of New-York as a valid claim against the asests of the City Bank in the hands of the receiver ; as well as against the complainants, as the accommodation makers of such note. This, therefore, is a debt which in equity as well as at law, ought to have been paid by the City Bank, and which must be allowed as a valid claim upon the fund in the hands of the receiver, in favor of the institution which now holds the note, in settling the amount which is still due on account of the discounted notes. Instead, therefore, of dismissing the complainants' bill, I shall direct an order to be entered thereon authorizing and requiring the receiver to deliver up that note to the complainants, when the balance for which it is now held shall be paid to the Bank of the State of New-York out of the fund in the hands of the receiver, or out of the safety fund ; and if the complainants have paid the note pending this suit, or if they shall pay it before the final liquidation and settlement of the debts due from the City Bank, that he allow the amount of the principal and interest, thus paid, as a debt in their favor against the institution.

Such an order would have been made of course, upon a petition showing these facts. But as the complainants

have filed their bill making a further claim upon this pack-age of bills, upon which they had no valid claim either at law or in equity, they cannot be allowed their costs in this suit.