## CITY COURT OF BROOKLYN.

JEROME J. JOHNSON AND NICHOLAS WYCKOFF agt. CALVIN STEVENS AND THE CITY OF BROOKLYN.

A complaint in an action *to have delivered up and cancelled of record, a certificate* given by the corporation of Brooklyn, on a sale for an alleged assessment or tax, which alleged that a copy of the certificate had been filed and entered in the county clerk's office; (*Sess. Laws* 1834, *p.* 90;) that no tax or assessment was ever, in fact, made, and no proceedings had authorizing the sale; that the certificate, however, by reason of its having been filed and entered, was presumptively a lien on the land, and a cloud upon the title, diminishing its value, &c.

*Held,* that it was sufficient to sustain the action. The corporation, on the face of the certificate, which recited all the necessary prior proceedings, professed that these proceedings had taken place, and caused a copy of the certificate to be filed and entered. The certificate was not a real *lien*, if the sale was unauthorized, but an apparent or *prima facie* lien—a *lien* on its face, which the party was entitled to have removed by the aid of the court, it appearing that it obscured his title.

*October Term,* 1855.

P. V. R. STANTON, *for plaintiffs.*
NATHANIEL F. WARING, *for defendants.*

GREENWOOD, City Judge. From the best consideration which I have been able to bestow upon this case, and after the examination of the authorities to which I have been referred on both sides, I have come to the conclusion that the complaint ought to be sustained.

The object of the action is to have delivered up and cancelled of record, a certificate given by the corporation of Brooklyn, on a sale for an alleged assessment or tax, and held by the defendant Stevens, as an assignee of the purchaser. The complaint states that a copy of this certificate has been filed in the office of the clerk of the county of Kings, and entered by him in the book kept for entering such certificates; that no tax or

Johnson & Wyckoff agt. Stevens and City of Brooklyn.

assessment was ever in fact made, and no proceedings had authorizing the sale; that the certificate, however, by reason of its having been filed and entered, is presumptively a lien on the land, and a cloud upon the title, diminishing the value of the land, and interfering with and preventing its sale.

If this were an action to set aside an instrument invalid upon its face, or proceedings of the same character, there could be little doubt, I think, that it could not be sustained. Bills in equity were formerly entertained for this purpose; but, as was observed by Chief Justice NELSON, in the case of *The Mayor, &c.*, agt. *Meserole*, (26 *Wend.* 132,) the jurisdiction on this head has of late been narrowed down. Where an instrument is void upon its face, it can do no harm, and a court will not entertain a suit to set it aside, unless, perhaps, where it is used for vexatious purposes. It was well said by the chancellor, in the case of *Wiggin* agt. *The Mayor of New-York*, (9 *Paige*, 15–24,) that, " as every person must be presumed to know the law, a proceeding which, upon its face, is not only illegal, but absolutely void, does not constitute a cloud upon the title to real estate, against which a court of equity will relieve." (*See, also, Van Doren* agt. *Mayor, &c.*, *id.* 389, *accord.*) But when it is necessary to resort to extrinsic facts to show an instrument to to be inoperative and void, a court of equity may interfere and set it aside as a cloud upon the real title. (*Id.*)

So in the case of *The Chatauque County Bank* agt. *White*, (6 *Barb.* 590,) Mr. Justice HARRIS, after referring to the cases on the question of jurisdiction where the instrument is void upon its face, says, " However the question may be determined, all the authorities agree in conferring jurisdiction where the claim, whose shade is cast upon the title, is not utterly void upon the face of the instrument itself, but is shown to be so by extrinsic evidence, or where it is shown to be against good conscience to allow the party to set up his claim against the plaintiff's title." Such jurisdiction, says STORY, is founded on the true principle of equity jurisprudence, which is not merely remedial, but preventive of injustice.

The cases in 9 *Paige* and 26 *Wend. ub. sup.*, have, however,

been pressed upon me by the defendants' counsel as establish-
ing the doctrine that a bill in equity cannot be filed to set aside
or prevent the creation of a cloud upon the plaintiffs' title,
where the proceedings of the corporation are either void or
merely voidable. That, if void, all who act under them are
trespassers, and that therefore there is a clear remedy in the
ordinary action of trespass, and if voidable they cannot be re-
viewed by a court acting as a court of equity. And it is argued
that if in this present case there was, as the complaint alleges,
no assessment, the sale was a nullity, and the certificate does
not create even a colorable title so as to cast a cloud upon the
title of the plaintiff.

I admit that the recital in the certificate of the assessment
and other proceedings is not legal evidence, even without being
impeached, that they were made and had; and that it would
be incumbent upon any person, claiming in a judicial proceed-
ing under a lease to be executed by the corporation in pursu-
ance of the certificate, to prove that all the necessary prior pro-
ceedings were had.

But the statute authorizes the corporation to sell where such
proceedings have been had, and it makes the filing and entry
of the certificate a lien upon the premises. (*L.* 1834, *p.* 90, §§ 26,
16–42.) Here, then, the corporation, on the face of this certi-
ficate, profess that these proceedings have taken place, and
cause a copy of the certificate to be filed and entered in the
county clerk's office.

The certificate is not void on its face, for the corporation
have the right to make it in the very case in which they pro-
fess to have done so. I agree, as before intimated, that the
power of the corporation must be shown, like that of any other
body or person acting under a power, and that nothing is to be
presumed. This is true, however, rather in reference to the
enforcement of a claim under a grant executed in pursuance
of the power, than as regards what may be the effect of the
claim in embarrassing the title. Suppose that a person were
to set up title under, and place on record, a deed reciting that
A——, deceased, had left a will, appointing the grantor exe-

cutor, with power to sell, when, in truth, no such will had ever been executed, could not an action be brought by the heirs at law to set aside the deed as a cloud upon the title? The deed, although void, would not be so on its face, for the grantor would have had the power to sell if the pretensions made upon the face of the instrument had been true. Or take the case (which would be nearer the present one) of a conveyance falsely reciting a power executed by the owner of the land, to the grantor, to sell. Would not an action lie to set it aside? A forged deed, and one obtained by fraud, or upon a usurious consideration, are void, but because they are not void on their face a suit may be brought to set them aside.

But here the case is much stronger; for not only does the defendant Stevens hold the certificate, but the statute makes it, when filed and entered, a lien. It is not, indeed, a real lien if the sale was unauthorized, but it is an apparent or *prima facie* lien. It is a lien on its face. It is said that a person examining the title is not to presume from the certificate that there was any authority to sell. But this is requiring him to go into extrinsic facts to ascertain whether there was an assessment and a course of proceeding upon it authorizing a sale. It is not like the case of a stranger executing a deed of another's land, where the act is invalid on its face; for here the corporation have jurisdiction over the subject matter, and the power, under certain circumstances, to sell; and when. they state the existence of such circumstances they may be fairly supposed to have exercised the power rightfully. This is a reasonable supposition, and it is the very thing which creates the cloud. It is not necessary that the supposition should amount to a legal presumption. It is sufficient if the instrument is calculated to induce the belief that the title is bad, and thus presents an obstruction which darkens it. It is no answer to say, that proper inquiry and investigation in another quarter may dissipate the cloud; for in that way, perhaps, most clouds might be dissipated so as to discover the true title. But a party is not obliged to do this. He is entitled to have them removed by the aid of the court, if, as they appear, they obscure the title.

One ground upon which the chief justice and the chancellor, in the cases referred to, based their opinions was, that the court of chancery had no jurisdiction to review and correct the proceedings of inferior tribunals like corporations. But the action in this case is to set aside the certificate, and proceeds upon the ground that there was no assessment, and nothing to authorize the sale. I do not, however, perceive that it would have materially altered the case, if the complaint had brought into review the prior proceedings of the corporation as irregular and voidable.

The distinctions between actions at law and suits in equity, and their forms, are now abolished with the courts of equity themselves. If this court would have jurisdiction, as it unquestionably would, to review these proceedings in an action of trespass or ejectment, in which their validity should come in question, I see no reason why it might not do so in the present action. If a cloud upon a title consisted of a deed obtained by fraud, and placed upon record, the validity of the deed might be tried in this court in an action of ejectment, or in one brought to set it aside and cancel it of record; and it is difficult, for the purpose of the question under consideration, to discover any substantial difference between such a case and the one existing here.

I have had some doubts in this case, I admit, and felt, at first, somewhat embarrassed by the decision in 26 *Wend.* and 9 *Paige*, to which I have referred. But I have thought that it was my duty to sustain the complaint rather than dismiss it. These cases were in the court of chancery, involved the validity of the assessment, a matter of which that court had no jurisdiction, were prior to the Code, and did not present the question as it is now raised; nor were the points considered which have been presented here. As to the unreported case, to which I have been referred by the defendants' counsel, I do not understand that any opinion was delivered, and therefore I cannot tell what particular features the case presented, or upon what ground the court proceeded.

If the complaint in this action should be dismissed, the cer-

tificate and the lease, when executed, must continue to cast a shadow upon the plaintiff's title, until the defendant Stevens, or his assigns, shall see fit to assert a right of possession under them; if asserted without any legal proceeding, an action of trespass may be sufficient to indemnify the plaintiffs against the illegal act; and if, through an action of ejectment, (as it was formerly termed,) the validity of the proceedings of the corporation would come in question there; but I do not think that, in the meantime, the title should be embarrassed by the certificate of sale, standing upon the record as an apparent lien.

With these views, I think that the demurrer should be overruled.